IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:07-cr-186-G (BT) |
| | § | |
| HERBERT JENA | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's motion under Fed. R. Civ. P. 60(d)(3) to set-aside the judgment due to fraud on the court. (ECF No. 534.) The Court finds the motion should be construed as a successive petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255, and that the petition should be transferred to the Fifth Circuit Court of Appeals.

I.

On April 15, 2010, a jury found Defendant guilty of (1) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and (2) obstruction of justice and aiding and abetting, in violation of 18 U.S.C. §§ 1503(a) and 2. On September 15, 2010, the district court sentenced Defendant to a total of 180 months in prison. On May 11, 2012, the Fifth Circuit affirmed. *United States v. Jena*, 478 F. App'x 99 (5th Cir. 2012).

1

On January 9, 2016, Defendant filed his first § 2255 petition. *Jena v. United States*. No. 3:16-cv-132-G (BF) (N.D. Tex.). On June 14, 2017, the district court dismissed the petition as barred by the statute of limitations. On March 12, 2018, the Fifth Circuit denied a certificate of appealability. *Jena v. United States*, No. 17-10730 (5th Cir. Mar. 12, 2018).

On June 18, 2018, Defendant filed the instant Fed. R. Civ. P. 60(d) motion. By his motion, Defendant argues the prosecutor committed fraud on the court when the prosecutor caused Defendant's retained counsel to be disqualified, and when the prosecutor failed to disclose *Brady* material.

II.

Defendant's motion challenges Defendant's criminal judgment and sentence. The motion should therefore be construed as a petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE

DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III.

The Court recommends that the motion under Fed. R. Civ. P. 60(d) be construed as a petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and that the Clerk of Court be directed to open a new civil action under § 2255 (nature of suit 510), with direct assignment to District Judge Fish and Magistrate Judge Rutherford. The Court also recommends that the § 2255 petition be TRANSFERRED to the United States Court of

Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed June 22, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).