IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION NO. |
| | ) | |
| v. | ) | 3:07-CR-186(01)-G |
| | ) | |
| HERBERT JENA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the Motion for Compassionate Release under the First Step Act ("Motion") (docket entry 548) filed by the defendant Herbert Jena ("Jena") on June 19, 2020. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

Jena was convicted of conspiracy to defraud the United States and obstruction of justice, and on September 15, 2010, the court sentenced Jena to a term of imprisonment of 180 months. Judgement (docket entry 412) at 1-2. Jena alleges that he is 44 years old and has an unspecified chronic medical condition. Motion at 1. Jena also asserts that "[a]ccording to [Bureau of Prisons ("BOP")] records[,] Jena is set to be released from prison on February 26, 2021." *Id.*

### II. ANALYSIS

Under § 3582(c)(1)(A) of the First Step Act, a motion for compassionate

release may be brought by the BOP or by a defendant.  *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020); *id.* at 693 n.1.  Before filing such a motion, a defendant generally must "exhaust[] all BOP remedies."  *Id.* at 692; see *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (noting that "several courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic.").  "Section 3582(c)(1)(A)'s exhaustion requirement is 'a glaring roadblock foreclosing compassionate release' where 'BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf' or if 'there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period.'"  *United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *2 (N.D. Tex. May 15, 2020) (Fitzwater, Senior J.) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Here, Jena does not allege that he has exhausted his administrative remedies by requesting compassionate release from the BOP, nor does he allege a basis to excuse his failure to exhaust.  *See id.* (quoting *United States v. Gross*, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020)) ("[T]he statute includes an exhaustion requirement in recognition of the fact that 'BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the

public by his release, and the adequacy of a release plan.'" (citation omitted)). Accordingly, Jena's motion is **DENIED** without prejudice for failure to exhaust his administrative remedies.

The court further notes that, to the extent that Jena seeks an order of home confinement, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *Id.* at *1 (citing *United States v. Depron*, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020); *United States v. Rakestraw*, 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020) (Rutherford, M.J.), *rec. adopted*, 2020 WL 2114844 (N.D. Tex. May 1, 2020) (Lynn, Chief J.)).

## III.  CONCLUSION

In accordance with the foregoing, the defendant Herbert Jena's motion for compassionate release is **DENIED** without prejudice for failure to exhaust his administrative remedies.

**SO ORDERED**.

June 29, 2020.

*[signature: A. Joe Fish]*
A. JOE FISH
Senior United States District Judge